CLERK'S OFFICE U.S. DISTRICT COURT AT
ROANOKE, VA
FILED
10/9/2026
LAURA A. AUSTIN, CLERK
BY: s/C. Kemp
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Action No. 3:25-cr-00019 |
| | ) | |
| GUSTAVO QUINTERO | ) | By: Hon. Thomas T. Cullen |
| | ) | United States District Judge |

**CRIMINAL PRETRIAL ORDER**

This criminal case has been assigned to United States District Judge Thomas T. Cullen.* To ensure a fair and orderly processing of this case, it is now **ORDERED** as follows:

1. Should the parties wish to schedule any hearing in this matter, including a hearing on a motion to suppress, they must confer as to each party's availability and contact the Clerk, Christel Kemp (Christel_Kemp@vawd.uscourts.gov, (540) 857-5108) to set the matter for a hearing. When possible, motions to suppress should be raised at the earliest possible time so that the court can conduct an evidentiary hearing and issue a decision well in advance of trial.

2. If the parties do not notify the court at least **21** days prior to trial that a defendant intends to enter a guilty plea, that defendant may not be eligible for the reduction found at U.S.S.G. § 3E1.1(b).

3. For all guilty pleas, a copy of the written plea agreement and any agreed-upon statement of facts must be provided to the court no later than **3** business days prior to the

* If they have not already done so, the parties are directed to contact the court's scheduling deputy, Christel Kemp, within the next 7 days to set this matter for trial.

change-of-plea hearing. These documents must be sent to the Clerk (Christel_Kemp@vawd.uscourts.gov), who will forward them to chambers.

4. Counsel should anticipate any evidentiary questions or disputes and bring them to the attention of the court prior to trial. The court expects to hear all motions *in limine* at the final pretrial conference. Additionally, the Government must notify a defendant of its intent to introduce evidence of prior bad acts or co-conspirator's statements. If there are disputes as to the admissibility of evidence under Rule 404(b) and 801(d)(2)(E) of the Federal Rules of Evidence, such issues should be brought to the court's attention prior to trial.

*5.* All pretrial motions must be filed by the parties no later than **28** days prior to trial. *See* Fed. R. Crim. P. 12(c). Any such motions must state the grounds on which they are based and the relief sought. Motions raising questions of law must be supported by legal memoranda filed contemporaneously. *If this matter is continued on any party's (or the court's) motion, all pretrial motions must be filed no later than* ***45*** *days prior to the rescheduled trial date.*

6. A party opposing a pretrial motion must file a written response and legal memorandum within **14** days of the filing of the motion. If the moving party desires to submit a reply brief, it must do so within **7** days of the date of service of the opposition brief.

7. Any expert disclosure(s) must be made no later than **14 days** prior to the deadline for filing pretrial motions. *See* Fed. R. Crim P. 16(a)(1)(G), 16(b)(1)(C).

8. The court will hold a final pretrial conference, generally on the first day of trial. If the parties anticipate significant or complex pretrial matters, evidentiary questions, or other trial-related disputes that warrant scheduling an additional pretrial conference, they should

contact the Clerk prior to the pretrial-motions deadline to schedule a pretrial conference no later than **14** days prior to trial.

9. The government must file its witness and exhibit lists no later than **7** days prior to the pretrial conference.† Such list should contain a summary of the potential witness's testimony and a brief description of any proposed exhibits.

10. At trial, the court will use standard opening and closing jury instructions. Copies of these standard instructions may be obtained from the Clerk prior to trial. At least **7** days prior to trial, the parties must file electronically via CM/ECF proposed substantive jury instructions and, if deemed necessary, a proposed verdict form. The parties also should email proposed jury instructions (with citations) in Microsoft Word format to cullen.ecf@vawd.uscourts.gov, and copy opposing counsel. If a party has a specific objection to a proposed instruction, that party must notify opposing counsel and the court at least **2** business days prior to trial. The court will conduct a charge conference, usually at the conclusion of all evidence.

11. Trial will proceed according to the following schedule. Court will begin promptly at 9:00 a.m. on the first day and end at approximately 5:00 p.m. each day, with a one-hour lunch break, 15-minute breaks in the morning and afternoon, and other breaks as necessary.

† Recognizing that the defendant has no obligation to present any evidence, the court requests that the defendant provide such information to the court to the extent that the defendant is willing and able to do so. The defendant may submit his or her list of potential witnesses and exhibits only to the court by emailing cullen.ecf@vawd.uscourts.gov in lieu of filing via CM/ECF.

12. The jury will consist of 12 people. The jury is selected immediately prior to trial using a randomized method, and all members of the jury venire called for the trial are subjected to voir dire. A list of the jurors called for the case is sent to counsel by the Clerk approximately one week prior to trial. The attorneys are generally permitted to participate in voir dire after preliminary questions from the court. Counsel should formulate an agreed-upon statement of the case and the issues to be incorporated in the court's standard voir dire and preliminary instructions. The Government must initiate and circulate the draft statement to be submitted to the court no less than **7** days prior to trial, and it must be submitted to the court no later than **2** business days prior to trial. Counsel's voir dire is expected to be limited to relevant questions and not consist of disguised argument on the merits of the case. The court's voir dire will solicit any requests from jurors to be excused from jury duty on the ground of hardship, and the court will determine such requests before turning voir dire over to counsel.

13. Following voir dire, if any party has any for-cause challenges, they should make known to the court that a matter outside of the presence of the jury needs to be taken up, and the court will rule on the challenge(s) at that time. Thereafter, the parties will be permitted to make peremptory challenges, consistent with Federal Rule of Criminal Procedure 24, by alternating verbal strikes from a randomized jury list. In the normal case, no alternates will be used, but the court may use one or two alternates depending on the estimated length of trial. After the jury is sworn in, the court will give preliminary instructions. The court will inform jurors that they may take notes if they wish. Questions by jurors are not permitted.

14. The court will assume that the parties have disclosed all exhibits and—unless a party makes contemporaneous objection or files a motion *in limine* prior to trial—that no party

objects to any exhibit. The Government must provide a list of witnesses and exhibits to the court reporter and Clerk, and the parties must provide their evidence to the court in an electronic format.‡ Counsel must provide for the court an extra copy of each exhibit in jury trials. The parties must use the evidence display device as much as possible so that witnesses do not have to be handed exhibits, *provided that* no evidence is displayed to the jury until it has been admitted into evidence. Counsel must ask questions of witnesses and make arguments to the court from the lectern. Counsel may approach the witness without leave of court, if necessary, to hand the witness a document or exhibit, but must promptly return to the lectern. It is counsel's obligation to ensure that tendered exhibits are admitted and noted on the Clerk's docket sheet. If there is any question about an exhibit or exhibits, counsel should check with the Clerk during a recess. Once admitted, trial exhibits are in the custody of the Clerk and must be returned to the Clerk once examination of a witness is completed.

15. In a conspiracy case, if a defendant has notified the Government in advance of a challenge to the admissibility of the testimony of a co-conspirator, the Government must prepare a written proffer as to the existence of the conspiracy and the defendant's participation in it.

16. Counsel should make any requests to exclude witnesses from the courtroom before opening statements. Although the exclusion does not prevent counsel from talking with excluded witnesses during recesses about their expected testimony, there must be no

‡ Counsel should coordinate with the clerk's office to facilitate this process. All prospective exhibits must be uploaded at least **3** days prior to trial. Uploading exhibits to satisfy this requirement ***does not*** satisfy a party's disclosure obligations to another party under this Order or the Federal Rules of Criminal Procedure. Unless requested by the parties, neither party will have access to another party's uploaded exhibits.

disclosure of courtroom testimony to the excluded witnesses by any person. Witnesses will be released from further attendance when they are no longer needed. After testifying, a witness is deemed released unless counsel or the court promptly indicates that the witness should not be excused. Cooperative witnesses who are not needed immediately may be placed "on call," but counsel remains responsible for having sufficiently available witnesses so that the trial may proceed without early adjournments or lengthy recesses. The Government should keep the defendant advised of the progress of the Government's case so that the defendant may be ready to proceed promptly following the conclusion of the Government's case-in-chief.

17. Counsel must make all objections and other remarks to the court while standing. Objections must be succinct. If argument is needed, the court will indicate as such. Side bar or bench conferences are discouraged, and argument outside of the presence of the jury will normally take place only during regular recesses or before or after court session. Accordingly, counsel should, to the extent possible, anticipate any evidentiary questions or disputes and bring them to the court's attention ahead of time.

18. Prior to closing arguments, the court will conduct a charge conference and advise counsel of the substance of the jury charge. The charge is given before closing arguments. Counsel will have an opportunity to make an objection to the charge on the record. In most cases, the court will send a written copy of the charge with the jury for its reference during deliberations. The court will instruct the jury that it may request any or all of the exhibits during deliberations. Following the trial, counsel may not discuss the case with jurors without leave of court.

19. The parties must make post-trial motions within **14** days following the discharge of the jury. Responses to such motions must be made within **14** days of the motion being filed.

20. The filing of sentencing memoranda is mandatory in all cases. The Government shall file its sentencing memorandum no later than **7** days before the sentencing hearing, and the defendant shall file his/her sentencing memorandum no later than **5** days before that hearing.

21. Consistent with Rule 11(b) of the Federal Rules of Civil Procedure, and the certifications required thereunder, any party, whether appearing *pro se* or through counsel, who utilizes any generative artificial intelligence (AI) tool in the preparation of any documents filed with the court must disclose that AI has been used. If generative AI is used in drafting of any documents filed with the court, the party must further certify in the filing that it has independently reviewed and verified the accuracy of any portion of the document drafted by generative AI, including all citations, quotations, and legal authority, and that the document complies with the filer's obligations under Rule 11. This rule does not apply to information gathered using AI embedded in legal search engines, such as Westlaw and LexisNexis. Failure to comply with this rule may result in sanctions, the document being stricken, or other remedies that the court deems appropriate.

The Clerk is directed to send copies of this Order to counsel of record for all parties.

**ENTERED** this 9th day of October, 2026.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE